FRANCIS BAINWAY *vs.* GEORGE H. COBB.

A stone sink, weighing two hundred or two hundred and fifty pounds, set, by the owner of a dwelling-house, closely against the walls, in a corner of one of the rooms, in a frame, under the spout of a wooden pump connected with a cistern of water below, (which pump soon afterwards was removed,) was used for washing dishes and other appropriate domestic work; the waste water being conducted from one end of it, by a lead pipe, through the side of the house, into a drain, until the pipe wore out, and being afterwards dipped out, or drawn off through a hole fitted with a stopple. *Held,* that it was not severed from the freehold by the removal of the pump and decay of the pipe, no change being made otherwise in its position or use; and passed to the heir as against the administrator, on the death of the owner of the freehold, intestate.

TORT for the conversion of a stone sink. At the trial in the superior court there was evidence of the following facts :

The sink, which weighed about two hundred or two hundred and fifty pounds, was put by Hiram Cobb, twenty-five or thirty years ago, in the corner of a room, over a cistern, in the house owned and occupied by him in West Stockbridge; rested upon a wooden frame next the sides of the room, without being nailed or fastened to the house, except that a lead pipe ran from a hole at one end under the sink through the side of the house into a stone drain constructed for the purpose of carrying off the waste water: and he put a wooden pump into the cistern, with the outlet leading over and into the sink. The pump, not working well, was soon removed, after which water was drawn from the cistern in a bucket. The lead pipe remained until it wore out, and was then taken away, and a stopple used in the sink and the waste water drawn or dipped out. The sink remained in the same place, and was used for washing dishes, and in doing any other necessary or appropriate work of housekeeping, until after his death in 1862, when the defendant (who was his only son and sole administrator) and his other children and heirs at law met together and agreed upon a settlement and division of his property among themselves, by which the household furniture was given to one of his daughters, and his real estate and other personal property was afterwards conveyed to the defendant. After the division, and before the conveyance to the de-

fendant, the plaintiff bought the sink from that daughter, and with her assistance removed it from the premises, leaving an unpainted strip on the sides of the house where the sink and frame had rested and pressed against them; and the defendant demanded and took the sink, and returned it to its old place, claiming it as part of the real estate.

*Rockwell,* J., instructed the jury that, if they believed all the evidence, in law the sink was personal property, and not a fixture. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. J. Waterman,* for the defendant.

*H. J. Dunham,* for the plaintiff.

GRAY, J. Upon the facts stated in the bill of exceptions, we are unanimously of opinion that the stone sink was annexed to and became part of the freehold of Hiram Cobb. This is shown by the purpose and the mode of placing it on the premises. In *Park* v. *Baker,* 7 Allen, 78, which is relied on to support the ruling of the court below, the ice chest held to be a chattel was not an article which necessarily or usually forms part of the fitting up of the house itself, and was expressly agreed to have never been in any way connected with or affixed to the building. But the sink in this case, if not absolutely necessary to the completeness of the dwelling-house, was not only by its construction and position obviously adapted and intended to be, as it afterwards was in fact, used daily for the ordinary domestic work; but it was fitted in a frame, and set closely in the corner and against the sides of the room, over a cistern of water; was so heavy as to require no other fastening to keep it in place; and was originally connected by a pump with the cistern under it, and by a pipe, passing through the side of the house, with a stone drain to carry off the waste water. The removal of the pump and the pipe, without otherwise changing the position or the use of the sink, did not sever it from the freehold or make it personal property again.

If it had been annexed by a tenant for years, he might have disannexed and removed it during his term, and not afterwards but, subject to that right of removal, it would have been rea

estate; and the law is more favorable to the heir as against the executor, both claiming under the same absolute owner of the estate, than to the landlord as against his tenant, who has paid for the occupation of the premises and himself put in the fixtures in question. *Grymes* v. *Boweren*, 6 Bing. 437, and 4 Moore & Payne, 143. *Wall* v. *Hinds*, 4 Gray, 256. *Bliss* v. *Whitney*, 9 Allen, 114. *Kutter* v. *Smith*, 2 Wallace, 491. *Blethen* v. *Towle*, 40 Maine, 310. *Hays* v. *Doane*, 3 Stockt. 84. This sink, having been annexed to the freehold by the owner of the fee, and not severed before his death, descended to his heirs as real estate, and did not devolve upon his administrator and next of kin as personal property. It was not therefore included in the household furniture given up by the other children to the daughter under whom the plaintiff claims, but continued to be real estate, to which she as one tenant in common could not make a good title as against the others, and which passed to the defendant by the deed from his coheirs.          *Exceptions sustained.*